**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MUGWANEZA MUTWARE-BAKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1360-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Amanda L. Maxfield [Doc. No. 10]. In her Report, Judge Maxfield concluded that 8 U.S.C. § 1225(b)(1), which requires mandatory detention, controls Petitioner's situation but that his prolonged detention without a hearing violates his substantive due process rights.

Respondents filed an Objection [Doc. No. 11], which requires de novo review of those portions of the Report to which a specific objection is made. Here, Respondents agree that Petitioner's detention is controlled by § 1225(b)(1) but object to the conclusion that his prolonged detention without a bond hearing violates substantive due process. They argue that mandatory detention under § 1225(b)(1) has a definite endpoint – the termination of removal proceedings – and is a constitutionally permissible. Upon de novo review, the Court agrees with Judge Maxfield that Petitioner's prolonged detention without a custody determination hearing has become unreasonable and violates his due process rights.

As of the date of this order, Petitioner has been in continuous ICE detention for over 24 months. His detention is controlled by § 1225(b)(1), which provides for mandatory detention pending adjudication of removal proceedings. The Supreme Court has previously concluded that mandatory detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Nevertheless, various courts have concluded that the Supreme Court left open the possibility that a noncitizen subject to mandatory detention could challenge his detention as unreasonably prolonged under the Due Process Clause. *See Hernandez v. Mullin,* No. CIV-26-475-R, 2026 WL 1625669, at *2 (W.D. Okla. June 5, 2026) (collecting case). And, in *Jalloh v. Garland,* No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023), this Court previously concluded that a noncitizen detained under § 1226(c) – which, like § 1225(b)(1), provides for mandatory detention of certain noncitizens pending adjudication of the removal proceedings – could bring an as-applied challenge to his prolonged detention. Although the Court recognizes that there is significant disagreement on this issue, the Court concludes that noncitizens detained under § 1225(b)(1) may, in some limited circumstances, bring p as-applied due process challenges to their prolonged detentions.

To determine whether Petitioner's detention in this case has become so prolonged as to be constitutionally unreasonable, Judge Maxfield applied a six-factor test that considers (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the

likelihood that the removal proceedings will result in a final order of removal. Respondents object to Judge Maxfield's conclusion that these factors, on balance, weigh in Petitioner's favor. Upon de novo review, the Court fully concurs with Judge Maxfield's analysis of these factors. Petitioner's detention of more than two years without an individualized bond hearing has become unreasonable and in violation of his due process rights.

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED. The Petition for Writ of Habeas Corpus is GRANTED in part and Respondents are directed to provide Petitioner with an individualized bond hearing within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 20th day of November, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**